**Osborn OLDEN, Petitioner-Appellant,**

v.

**Louis S. NELSON, Respondent-Appellee.**

**No. 72-1970.**

United States Court of Appeals,
Ninth Circuit.

Feb. 5, 1973.

Osborn Olden, Samuel M. Haskins, San Francisco, Cal., for petitioner-appellant.

Evelle J. Younger, Atty. Gen., Edward A. Hinz, Jr., Chief Asst. Atty. Gen., Doris H. Maier, Asst. Atty. Gen., Gloria F. Dehart and Timothy A. Reardon, Deputy Attys. Gen., San Francisco, Cal., for respondent-appellee.

Before BROWNING, ELY and WALLACE, Circuit Judges.

PER CURIAM:

Olden, a state prisoner, appeals from the denial of a petition for habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

First, he contends that his mother's house, in which he lived, was searched without consent. The record amply supports the finding of consent made by the district court. The record would also sustain a finding that the search was incident to and contemporaneous with a valid arrest.

Next, Olden contends that statements made by him following his arrest and admitted at trial, were obtained in violation of the rules established in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966).

Neither case would assist Olden as they were decided subsequent to his trial and have no retroactive effect. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Further,

---

**694**

even if either rule applied to this case, the error would be clearly harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).